**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| XYZ Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>        Defendants. | **Case No. 1:25-cv-10528** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff XYZ Corporation, ("Plaintiff"), by and through its counsel, the Bayramoglu Law Offices, LLC, files this Motion for Leave to File Under Seal (the "Motion"). This Motion is made and based on the papers and pleadings on file in this action, the Declaration of Joshua H. Sheskin, Esq. in Support of Motion for Leave to File Under Seal (the "Sheskin Decl."), Exhibits 1 and 2 to the Declaration of Joshua H. Sheskin, and the arguments contained herein, and any argument of counsel entertained by the Court.

I.     **INTRODUCTION**

    A. **Plaintiff's Request to *Temporarily* Seal Its United States Trademark Registration, Schedule A, Infringement Evidence, and to Proceed Anonymously.**

This action involves the unauthorized use of Plaintiff's United States Trademark Registration (the "Plaintiff's Mark") by certain individuals and entities located in the People's Republic of China ("China") and Hong Kong (the "Defendants") through the use of Plaintiff's

Mark for sale of counterfeit products, and related merchandise (the "Counterfeit Products") through online marketplaces (the "Online Marketplaces") established on the third-party sales platform TikTok Shop at issue in this case in the Complaint (the "Platform"). Specifically, Plaintiff's Complaint asserts the following claims for relief against the Defendants: (1) Trademark Infringement and Counterfeiting (15 U.S.C. § 1114), (2) False Designation of Origin (15 U.S.C. § 1125(a)), and (3) Violation of Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1, et seq.) [Dkt. No. 1 at 38-59].

As argued below, the Motion seeks *temporary* leave to conceal the Trademark, Schedule A, and Infringement Evidence of the Complaint as a result of the Chinese Seller's Association posting within seven (7) hours of filing, a notice that could result in Defendants or other infringers tampering with evidence and/or moving their records, data or accounts out of the jurisdiction of this Court. (Sheskin Decl. Exhibit 1.) Additionally, Plaintiff seeks *temporary* leave to seal as a result of Plaintiff being monitored by SellerDefense.cn (Sheskin Decl. Exhibit 2.) Plaintiff seeks to *temporarily* seal the documents in this action until such time as the Court considers Plaintiff's TRO request and, if granted, until the designated third-party, TikTok (the "Platform") online Platform complies with its requirements. Once the Platform complies with the TRO, Plaintiff will immediately advise the Court of such compliance and unilaterally request this action be unsealed.

Plaintiff additionally requests to proceed anonymously using the corporate pseudonym "XYZ Corporation", as any search of Plaintiff's identity easily connects Plaintiff to Plaintiff's Mark and the legitimate products associated with Plaintiff's Mark.

If this case is not sealed and a pseudonym is not used, sellerDefense.cn will identify the Plaintiff and post notices to inform sellers who infringe that the Plaintiff is pursuing action against counterfeiters (Sheskin Decl. ¶ 13, Ex. 2). The posts enable infringers to: destroy evidence by

closing their stores; open new stores that are not part of this action and move the infringing items there; transfer their money overseas where this Court lacks jurisdiction, thereby preventing equitable relief; and undertake other evasive actions. See e.g. *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016). The temporary nature of the Plaintiff's requests aims to preserve relief while recognizing the public's right to access pleadings and papers filed in these proceedings. See *XYZ Corp. v. Partnerships & Associations Identified in Schedule A*, Case No. 21-cv-06471, 2022 WL 180151, at *2 (N.D.Ill. Jan. 20, 2022).

Plaintiff maintains that it has more than sufficient extraordinary circumstances to justify its request to the *temporary* sealing of this action. Plaintiff has been identified by the Chinese Seller Association, and SellerDefense.cn in previous cases. The postings are created to inform sellers who infringe that Plaintiff is seeking relief from infringing, counterfeit product sellers (Sheskin Decl. ¶ 14, Ex. 1). This posting allows infringers the opportunity to monitor Plaintiff and to engage in evasive action, such as; temporarily remove infringing use of Plaintiff's Mark, move counterfeit products to other identification numbers or product codes, change contact information, close current seller stores and re-open as new stores, transfer of funds to offshore accounts or other such actions to avoid Plaintiff obtaining relief. *See Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016). In fact, the dissemination of Plaintiff's enforcement efforts has already started through the posting of information concerning other parallel actions pending in this judicial district. (Sheskin Decl. ¶ 14, Ex. 1 and Ex. 2).

Imposing the requested *temporary* sealing measures serves to protect Plaintiff's ability to secure an equitable restraint of Defendants' illegally obtained funds held by the Platform, preserves electronic evidence that is otherwise subject to permanent loss if Defendants were to delete/delist their Online Marketplaces maintained on the Platform, while recognizing the public's

access to the pleadings and papers filed in these proceedings. *See XYZ Corp. v. Partnerships & Associations Identified in Schedule A,* Case No. 21-cv-06471, 2022 WL 180151, at \*2 (N.D.Ill. Jan. 20, 2022).

### B.    Plaintiff's Brand and Brand Trademark.

Plaintiff's brand sells mouth tape to consumers. [Dkt. No. 1.] Since launching the brand, Plaintiff has invested substantial time, money, and corporate resources to promote, market, develop, and establish it as a high-quality and reputable source for mouth tape. As part of these efforts to develop the brand, Plaintiff secured registration of its Brand Trademark. (Sheskin Decl. ¶ 7.)

Plaintiff's advertising efforts have enabled Plaintiff to achieve success associated with Plaintiff's Mark (Id.) Plaintiff's Brand and Brand Trademark have become well-known across the United States and are valuable assets of the company. (*Id*. ¶)

### C.   Defendants' Willful Infringement of Plaintiff's Brand Trademark.

The success of Plaintiff's Brand has led to the sale of counterfeit products. These Products are sold using the company's Brand Trademark by defendants who operate through an international counterfeiting network. (*Id.* ¶ 9.) [Dkt. No. 1.] Defendants unlawfully use the Plaintiff's Brand Trademark to promote, advertise, market, distribute, offer for sale, and sell Counterfeit Products through their Online Marketplaces on TikTok. [Dkt. No. 1.]

Defendants' unauthorized use of the Brand Trademark to sell lower quality, cheaper products has caused Plaintiff to suffer, and to continue to suffer, irreparable harm through, among other things, the company's loss of public Brand reputation and goodwill, via customer confusion. (*Id*) (Sheskin Decl. ¶ 10.)

MOTION FOR LEAVE TO FILE UNDER SEAL                    Case No. 1:25-cv-10528

### D. Defendants' Sophisticated Counterfeit Product Network.

Defendants are alleged to be operating as part of a sophisticated international counterfeiting network. [Dkt. No. 1.¶] Defendants do not just manufacture together, but as sellerdefense.cn and similar websites show, they evade enforcement efforts together. As part of Defendants' sophisticated counterfeit network, they rely on common supply chains and the same manufacturing sources for their Counterfeit Products. (Sheskin Decl. ¶ 11.) This is evident from similarities in packaging, product defects, product appearance, and other key indicators.

Defendants also operate their Online Marketplaces on TikTok under various seller aliases, ensuring that the takedown of one marketplace has a minimal impact on their counterfeit product sales on other marketplaces. (Id. ¶ 12.) More importantly, however, the takedown of one of Defendants' Online Marketplaces gives them notice of the proceedings and enables them to take immediate action to withdraw or transfer all funds in their linked online merchant accounts to foreign banking institutions over which this court cannot exercise jurisdiction.

Accordingly, without comprehensive enforcement efforts against all Defendants on an *ex parte* basis, notice-based, individual Online Marketplace enforcement only announces the start of enforcement, allowing the destruction of evidence and transfer of assets.

Besides what has been mentioned, Defendants are believed to be actively watching all enforcement actions pending in this judicial district. (*Id.* ¶ 13.) Accordingly, without temporarily allowing the Plaintiff to proceed anonymously and granting the temporary sealing of the pleadings in this case, the Plaintiff would be unable to freeze funds obtained from the Defendants' infringing sales, secure email addresses and other information related to the Defendants, or get electronic sales data from the Platform. *(Id.)*

## II.    ARGUMENT

### A.  Sealing Plaintiff's Brand, Trademark, and Trademark Identifiers is Justified.

Plaintiff's request primarily aims to keep the identity of Plaintiff's Brand and its Brand Trademark confidential until the Platform can freeze Defendants' Online Marketplace merchant accounts. This would help protect the Plaintiff's ability to restrain those assets and preserve evidence. (Sheskin Decl. ¶ 16.). These circumstances justify temporarily sealing the requested information. *See Zorro Productions, Inc. v. Individuals, Corporations, Limited Liability Companies, et al,* Case No. 1:23-cv-05761, 2023 WL 8807254, at *3-4 (N.D. Ill. Dec. 20, 2023) ("*Zorro*").  As stated by the court in *Zorro* in similar circumstances:

> A motion to seal often makes sense when the plaintiff seeks an asset freeze to secure
>
> the potential recovery of future equitable monetary relief. Secrecy is sometimes
>
> necessary to preserve the possibility of obtaining equitable relief down the road.
>
> The reality is simple: seal it and seize it, or say goodbye.

*Id.* at *3.

### B. Exceptional Circumstances Justify Permitting Plaintiff to Proceed Anonymously.

To proceed anonymously, a party must demonstrate exceptional circumstances outweigh both the public policy supporting identified parties and the prejudice to the opposing party that anonymity would cause. *Village of Deerfield*, 819 F.3d at 376-77.

Additionally, the party requesting anonymity must demonstrate that existing safeguards will not adequately protect its interest in enforcing its brand rights. See *XYZ Corp.*, 2022 WL 180151, at *2. Plaintiff faces the risk of losing the ability to obtain equitable monetary relief, access crucial sales information, and is at risk that Defendants will make other relevant electronic data inaccessible; therefore, exceptional circumstances exist. (Sheskin Decl. ¶ 18,)

MOTION FOR LEAVE TO FILE UNDER SEAL                    Case No. 1:25-cv-10528

The Defendants in this case are similar to those in other Schedule "A" cases that lead counsel has prosecuted. If the case is not sealed, international entities monitoring enforcement proceedings will quickly reveal the Plaintiff's identity, the Brand, and Trademark being enforced through various message boards, chat groups, and websites like sellerdefense.cn. This gives counterfeiters of the Plaintiff's brand time to move their assets overseas. (Id.) Without proceeding anonymously, sealing the other requested documents may be pointless, as disclosure will happen anyway.

Plaintiff's exceptional circumstances, in that the Defendants can move money and destroy evidence, outweigh the temporary non-public identification of the parties. *See Village of Deerfield*, 819 F.3d at 376-77. The Plaintiff's narrowly tailored request to proceed anonymously preserves the right to the relief sought, while only temporarily denying access to the Plaintiff's identity.

Plaintiff's interest in proceeding anonymously on a *temporary* basis outweighs any prejudice to the Defendants. *See Village of Deerfield*, 819 F.3d at 376-77. Defendants are accused of willful infringement, and the only prejudice they might face from the Plaintiff proceeding anonymously is the inability to transfer their domestic assets overseas, destroy evidence, and instruct others to do so. (*Id.*)

Finally, the safeguards already in place will not adequately protect the Plaintiff's interest in enforcing its Brand rights. *See XYZ Corp.*, 2022 WL 180151, at *2. The requested temporary injunctive relief must first be sent to TikTok. (Sheskin Decl. ¶ 21.) TikTok must then suspend the defendants' online marketplaces, restrain any funds held in their associated merchant accounts, and provide contact information for the Defendants. (Id.)

TikTok explains why Plaintiff requests to remain anonymous. (Id.) Failing to do so and relying solely on the issuance of the anticipated TRO would make the court's sealing of the other

information meaningless. (*Id.*) Furthermore, it could alert the Defendants to liquidate their assets and destroy evidence. (*Id.*) Granting the requested TRO without allowing Plaintiff to proceed anonymously would be ineffective; therefore, the Court should approve Plaintiff's request to remain anonymous.

## III.     CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant its Motion and temporarily seal the requested information, which includes, at minimum, the company's Brand, Brand Trademark, and any filing identifiers related to the Brand Trademark. Plaintiff also asks the Court to allow temporary anonymity until TikTok complies with the requirements of the anticipated TRO, along with any other relief the Court deems proper.

Dated: September 3, 2025                            Respectfully Submitted

By: */s/ Joshua H. Sheskin*
Joshua H. Sheskin (FL Bar No. 93028)
Joseph W. Droter (IL Bar No. 6329630)
**BAYRAMOGLU LAW OFFICES LLC**
233 S. Wacker Drive, 44th Floor #57
Chicago, IL 60606
Tel: (702) 462-5973  |  Fax: (702) 553-3404
Joshua@bayramoglu-legal.com
Joseph@bayramoglu-legal.com
*Attorney for Plaintiff*

MOTION FOR LEAVE TO FILE UNDER SEAL                         Case No. 1:25-cv-10528